WALLACE, JUDGE:
The claimant, Charles R. Evans, filed this claim in the amount of $3,658.49, later amended to $7,712.95, against the Commissioner of Banking (1968), Department of Banking, Receiver of Parkersburg Savings & Loan Company, Commissioner of Banking (1976), the Governor (1967), and the Legislature (1967), State of West Virginia. None of the individuals occupying the above-named positions was specifically named.
Ernestine Evans was joined by the Court as a claimant.
During the hearing, the claimants filed a motion requesting the Court to convert the claim into a class action, and the *169 amount of damages was increased to $2,608,473.70. The persons constituting the class in this instance are not so numerous as to make it impracticable to bring them all before the Court as required by Rule 23(a) of the Rules of Civil Procedure. Therefore, the motion is overruled.
The claim as filed alleged:
(1) that there was an unlawful scheme of reorganization of the Parkersburg Savings & Loan Company of Parkersburg, West Virginia;
(2) that the governor and legislature were negligent in failing, prior to October 1967, to provide statutes sufficient to protect the people in their dealings with industrial loan companies;
(3) that respondents unlawfully permitted the scheme of reorganization to be accomplished;
(4) that satisfaction of certain accounts constituted fraud by W. Bruce Hoff, the Receiver of the Parkersburg Savings & Loan Company, and Commissioner of Banking;
(5) that the Department of Banking was negligent in its failure to prevent criminal fraud;
(6) that the distribution of assets by the Receiver of the Parkersburg Savings & Loan Company was inequitable; and
(7) that the Commissioner of Banking and Department of Banking in 1976 unlawfully permitted the Parkersburg Savings & Loan Company to become the Parkersburg Industrial Financing Corporation.
The hearing commenced February 3, 1978, and, after being continued, was completed on May 24, 1978. The Court considered all the evidence presented by the parties including certain exhibits subject to respondent’s objections.
This Court was created under the provisions of Chapter 14 of the Code of West Virginia. The jurisdiction of the Court extends to claims and demands against the State or any of its *170 agencies with certain exclusions. The statute provides that the Court shall consider claims which, but for the constitutional immunity of the State from suit, or for some statutory restrictions, inhibitions, or limitations, could be maintained in the regular courts of the State. The Court has no jurisdiction to make an award against an individual. Accordingly, the Court dismisses the claim against the Commissioner of Banking (1968), the Receiver of Parkersburg Savings & Loan Company, the Commissioner of Banking (1976), the Governor (1967), and the Legislature (1967), leaving the Department of Banking as the sole remaining respondent.
The record discloses that the Parkersburg Savings & Loan Company was in financial difficulty in 1967. The Commissioner of Banking placed the business in receivership and appointed a receiver. A plan of reorganization was submitted to the Department of Banking to reopen the business. The plan provided that the depositors would be paid 50% of their deposits over a five-year period and receive stock in the company for the remaining balance of their accounts.. After certain changes required by the Commissioner of Banking were made, the reorganization plan was submitted to the depositors for approval or disapproval.
W. Bruce Hoff, the attorney for Parkersburg Savings & Loan Company, who was instrumental in drafting the reorganization plan, sent letters to the depositors advising that the plan would fail without 100% participation of the depositors. Ninety-five per cent of the depositors, including the claimant, Charles R. Evans, approved the reorganization of the company. Chapter 31 of the Code of West Virginia, now Chapter 31a, requires 75% approval before a reorganization can be approved by the Department of Banking. The commissioner of banking, in accordance with the law, approved the reopening of the business and directed the receiver to deliver the assets in his hands to the reorganized company.
The claimants contend that 100% approval was necessary to reorganize the company as represented by the attorney for the company. They also stated that certain of the depositors who did not approve the reorganization plan were allowed by the company to withdraw their deposits in full.
*171 W. Lovell Higgins, Deputy Commissioner of Banking, after the commencement of the hearing and at the request of the claimants, investigated claimants’ charges. Mr. Higgins testified that the business reopened on September 13, 1968; that he examined the records of the company, and 95% of the total deposits were converted under the reorganization plan; that certain of the unconverted accounts were paid in full after April 1, 1969, which was subsequent to the reopening of the business; that W. Bruce Hoff indicated that some accounts of non-approving depositors had been purchased by persons outside of the company; and that Mr. Hoff had, in fact, indicated by letter to the depositors that 100% participation was necessary to accomplish the reorganization of the company. Mr. Higgins further testified that there was no statutory requirement for 100% participation, and that 75% was required by Chapter 31, now Chapter 31a, of the Code of West Virginia. Mr. Higgins stated he found nothing illegal in his investigation of the reorganization and the reopening of the business.
Claimants based the amount of their claim on the dollar value of the stock issued in the reorganization multiplied by an inflation adjustment factor obtained from a publication by the United States Bureau of the Census entitled Statistical Abstract of the United States (97th ed. 1976). This Court, by statute, cannot award interest unless the claim is based on a contract which specifically provides for the payment of interest. The claimant, Charles R. Evans, recognized this statutory prohibition in his testimony at the time he introduced the inflation factor. The claimants, by claiming an inflation adjustment, are in effect- requesting the Court to do indirectly that which it cannot do directly.
The claimants were not represented by counsel, and the Court, in an attempt to determine the validity of the claim, received in evidence subject to respondent’s objections testimony and exhibits which, in a court of law, would be inadmissible. The Court, in arriving at its decision, has assessed the materiality of and the weight to be afforded the evidence presented.
There is no evidence in the record that the reorganization of the Parkersburg Savings & Loan Company was unlawful as al *172 leged, nor is there evidence that the respondent, Department of Banking, unlawfully permitted the reorganization. It was alleged that the Department of Banking was negligent in its failure to prevent criminal fraud. The record does not sustain this allegation. There was no evidence that the Department of Banking unlawfully permitted the Parkersburg Savings & Loan Company to become the Parkersburg Industrial Financing Corporation.
Accordingly, the Court finds that the claimants have failed to prove the allegations of their complaints and have not established a claim against the Department of Banking. The record established that the Department of Banking permitted the reorganization of the Parkersburg Savings & Loan in compliance with the law after it was approved by 95% of the depositors. There is no evidence that non-approving depositors were allowed to withdraw their accounts prior to the reorganization.
Actions by the Parkersburg Savings & Loan Company, its officers, and employees are not within the jurisdiction of this Court.
For the reasons herein, the Court disallows the claim of the claimants.
Claim disallowed.
Judge Ruley disqualified himself and did not participate in the consideration of this claim.