WALLACE, JUDGE:
This matter was brought for hearing upon three motions presented to the Court. The first was a motion filed by the claimants for sanctions, requesting the entry of an Order awarding claimants costs and attorney’s fees for the reason that the respondent, Charles V. Campanizzi, refused and failed to permit the taking of his deposition. The second motion, by the respondents, was to dismiss Raymond L. Kolinski as a party claimant, because the nature of his claim is that the affections of the claimant, Margaret A. Kolinski, were alienated by the actions of the respondent Campanizzi, and Chapter 56, Article 3, Section 2a of the official Code of West Virginia abolished actions for alienation of affection and that therefore, the claim filed fails to state a cause of action upon which the Court can make an award or grant any relief. The third motion, by respondent Campanizzi, was one to dismiss Campanizzi on the gound that the Court has no jurisdiction over an individual, and to quash the notice to take the deposition served upon Campanizzi by the claimants. The Court will address itself first to the last of the three motions. This Court has only such jurisdiction as is conferred upon it by statute: West Virginia Code §14-2-13, which is limited by §14-2-14. In accordance with the Code provisions, this Court has held that it has no jurisdiction over individuals. See Evans v. Dept. of Banking, 12 Ct.Cl. 168 (1978) and Metz v. W.Va. State Bd. of Probation and Parole, et al., 13 Ct.Cl. 292 (1979). Accordingly, the motion to dismiss the respondent Campanizzi is sustained. Since the Court has no *207 jurisdiction over individuals and has dismissed Campanizzi as a respondent, the motion for sanctions is denied.
The motion to dismiss Raymond Kolinski as a claimant will be held in abeyance until the matter is heard on its merits.